# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * * *
HANFORD TANK DISPOSITION              *
ALLIANCE, LLC (HTDA),                 *
                                      *
            Protestor,                *
                                      *
v.                                    *
                                      *
UNITED STATES,                        *
                                      *   No. 23-683C
            Defendant,                *   Filed: June 30, 2023[1]
                                      *
                                      *
v.                                    *
                                      *
HANFORD TANK WASTE                    *
OPERATIONS & CLOSURE, LLC             *
(H2C),                                *
                                      *
        Defendant-Intervenor.         *
* * * * * * * * * * * * * * * * * *
```

# O R D E R

In the above captioned bid protest complaint filed on May 8, 2023, protestor included multiple counts including a count regarding intervenor's "Failure to Register in SAM [System for Award Management]." (alteration added). On May 9, 2023, the court held an initial hearing to discuss the protest, specifically the SAM registration issues, including whether intervenor's proposal complied with FAR 52.204-7(b)(1) (2022). FAR 52.204-7(b)(1) provides: "An Offeror is required to be registered in SAM when submitting an offer or quotation, and shall continue to be registered until time of award, during performance, and through final payment of any contract, basic agreement, basic ordering agreement, or blanket purchasing agreement resulting from this solicitation." FAR 52.204-7(b)(1).

After the May 9, 2023 hearing, on May 12, 2023, defendant, the United States, filed a notice in this court which stated, in part: "Intervenor, Hanford Tank Waste Operations & Closure, LLC's (H2C), SAM registration is insufficient to meet the requirements of the solicitation because H2C did not 'continue to be registered' at all times from the date of its initial proposal." The defendant's notice continued:

---

[1] This Order was issued under seal on June 12, 2023. The parties were asked to propose redactions prior to public release of the Order. This Order is issued without redactions as the parties proposed no redactions in response to the court's request.

Specifically, H2C was registered in SAM on the dates of its initial proposal [January 6, 2022] and award [April 13, 2023], but its registration lapsed during the intervening period, from about August 13, 2022, through January 24, 2023. At the time of its final revised proposal [January 10, 2023], H2C [intervenor] informed the Department of Energy (DOE) that it had

> held an active SAM registration at the time of initial proposal submission but it has since expired. H2C is in the process of reactivating its SAM registration, and should have an active registration shortly. In the interim, H2C submits the section K individual Reps and Certs with this final proposal revision.

(alterations added). Also on May 12, 2023, protestor HTDA filed a notice in this court and stated "H2C's [intervenor's] proposal should have been found deficient because it allowed its SAM registration to lapse prior to submission of its final offer and contract award in violation of FAR 52.204-7." Protestor stated "a party's failure to comply with FAR 52.204-7(b)(1) is an **_incurable defect_** in its proposal and renders it ineligible for award." (emphasis in original; alteration added).

On May 22, 2023, intervenor H2C filed a response to the protestor's and defendant's submissions and explained "H2C had an active SAM registration when it submitted its original proposal and on the date of award. At the time H2C submitted its FPR [Final Proposal Revision], in January 2023, its SAM registration had gone inactive and so H2C made its representations and certifications via the alternate method set forth in Section L.11(f)(2) [of the Request for Proposal]. H2C's SAM registration became active again on January 25, 2023." (internal references omitted; alterations added). Intervenor claimed "Section L.11(f)(2) and FAR 52.204-7 can and must be read in harmony. Offerors are required to have SAM registrations, but if the registration lapses or is otherwise not complete, an offeror may use the Solicitation's second option, and submit its reps and certs with its proposal pursuant to Section L.11(f)(2)." Intervenor H2C also argued that "FAR 52.204-7 does not require DOE to automatically disqualify offerors for a lapse in SAM registration."

The following day, on May 23, 2023, defendant filed another notice with this court and stated unequivocally: "Both the mandatory Federal Acquisition Regulations (FAR) governing SAM registration and the solicitation itself unambiguously required bidders to continuously be registered with SAM from the time of submission of an offer through award and performance. Because H2C was not registered at all required times, its offer was not responsive to the solicitation."

On May 27, 2023, intervenor H2C filed another submission with this court, which again stated, in part: "First, FAR 52.204-7 must be read in combination with other terms of the solicitation, and here DOE's agency-specific proposal instructions provided an alternative to SAM registration. Second, FAR 52.204-7 does not require agencies to

automatically disqualify offerors for a SAM registration lapse." Intervenor also argued, with respect to protestor HTDA's proposal that,

> [s]ubsequent to its FPR [Final Proposal Revision] and before award, however, HTDA [protestor Hanford Tank Disposition Alliance, LLC] revised its System for Award Management (SAM') registration to state that SNC-Lavalin was no longer an owner. If that change is true, it means HTDA's offer materially changed in a manner that made it unacceptable. If, alternatively, SNC-Lavalin remained in place and HTDA failed to list its true (foreign) owner as required by FAR 52.204-7, HTDA's SAM registration lapsed between offer and award.

(alterations added).

In order to discuss all the SAM issues before the court, the court held another hearing with the parties on May 30, 2023. At the hearing, the court ordered all parties to file submissions with the court to address, in writing, all the SAM issues regarding both protestor and intervenor. Protestor HTDA states that it

> respectfully requests that the Court issue a permanent injunction, based on Plaintiff's [sic] noncompliance with FAR 52.204-7, vacating the Department of Energy's ("DOE" or "Agency") award of the Hanford Integrated Tank Disposition Contract ("the Contract" or "ITDC") to Defendant-Intervenor Hanford Tank Waste Operations & Closure, LLC ("H2C"), and permanently enjoining the DOE from any re-award of the Contract to H2C under the current Solicitation. In the alternative, Plaintiff [sic] requests that the Court remand the case to the DOE with explicit instructions that H2C is ineligible for award based on its noncompliance with FAR 52.204-7 and that the Agency may not re-award the Contract to H2C under the current Solicitation or allow H2C to perform the illegally awarded Contract.

(alterations added). In intervenor's submission, intervenor H2C, by contrast, argues

> the Court should find that DOE acted reasonably by accepting H2C's proposal and that no remand or corrective action is necessary. Alternatively, if there is to be a remand, the Court should give DOE broad discretion to address the identified issues in the first instance, as the agency sees fit. There is no need for the Court to preemptively set-aside the current award, and certainly no need to accept HTDA's invitation to foreclose all DOE options other than award to HTDA or cancellation. DOE conducted a robust and well-reasoned evaluation; there is no need to discard all of that effort or to ban DOE from accepting the lower price, higher-quality offer of H2C.

Finally, defendant, the United States, quoting 5 U.S.C. § 706(2)(A), acknowledges in the government's submission that "SAM registration is a mandatory requirement that the agency may not waive absent specific FAR procedures absent from this case. And as a

3

result, H2C's omission should result in setting aside of the award as 'not in accordance with law.'" Regarding protestor, defendant notes "[d]uring the period between DOE's receipt of final proposals and the agency's award of the contract, HDTA amended its SAM registration by changing its highest-level owner to a United States company, Atkins Nuclear Secured, LLC (Atkins), from a foreign (Canadian) owned company, SNC Lavalin Group (SNC Lavalin)." (alteration added). Defendant states that the "designation of Atkins as the highest-level owner, if in error, might rise to the level of a lapse in SAM registration because the registration was not 'complete' if materially inaccurate. Moreover, the record as it stands, designates Atkins as a highest-level owner, resulting in numerous material inconsistencies with HTDA's proposal." Defendant suggests a "remand to the agency to address these and any other issues relevant to the procurement."

After holding multiple hearings with the parties regarding the SAM issues and careful review of the parties' written submissions, the court finds intervenor's proposal did not comply with FAR 52.204-7(b)(1), which was a mandatory requirement in the procurement at issue in this protest. Therefore, the award to intervenor was improper and the award is set aside, and performance of the contract is enjoined.

After review of this court's determination, the agency should reassess the procurement, including consideration of the intervenor's proposal and the protestor's proposal. If either protestor or intervenor disagree with the actions of the agency's reconsideration of how to proceed, or wish to challenge a subsequent award regarding the work contemplated by Request for Proposal No. DE-SOL-89303321REM000084, either protestor or intervenor may file a bid protest in this court, and the Clerk's Office shall waive the filing fee for the current protestor or intervenor. A future bid protest for a procurement on the work contemplated regarding the Request for Proposal No. DE-SOL-89303321REM000084 shall be assigned to the undersigned given the consideration already given by this court to the issues raised in the above captioned bid protest complaint. As determined above, performance of intervenor H2C's contract is **ENJOINED**. The above captioned protest is **DISMISSED**. The Clerk's Office shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED**.

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**

4